UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

STATE NATIONAL INSURANCE
COMPANY,

      Plaintiff

vs.

THE CITY OF MIAMI,

      Defendant.

**09-23273**

CIV-SEITZ MAGISTRATE JUDGE
O'SULLIVAN

FILED by ___AJS___ D.C.
INTAKE

OCT 2 8 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## COMPLAINT

Plaintiff, State National Insurance Company, brings this declaratory judgment action pursuant to 28 U.S.C. § 2201 *et seq.* and alleges as follows:

1.    State National seeks a declaratory judgment that pursuant to the terms of its public entity excess liability insurance contract, it is not obligated to pay defense or indemnity costs in underlying lawsuits relating to a shooting that took place at a graduation party held at the Polish-American Club on June 16, 2007.

## PARTIES

2.    State National is incorporated under the laws of the State of Texas with its principal place of business in Fort Worth, Texas.

3.    Miami is a governmental entity existing under the laws of the State of Florida.

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2).

**BACKGROUND**

6.     Numerous persons have asserted claims and/or commenced lawsuits against Miami, the Miami Police Department, and one or more of its employees relating to shootings that took place at a graduation party held at the Polish-American Club on June 16, 2007.  These claims and suits allege wrongful conduct by the Miami Police Department and its officers for which Miami has sought insurance coverage from State National.

7.     The actions and claims against Miami and/or its employees include the following:

   a.   *Margaritte Dingle v. Polish American Club of Miami, Inc. and the City of Miami*, Case No. 08-03407 CA 30 (Fla. Cir. Ct. 11th Dist.);

   b.   *Estate of Michael Bradshaw, Jr. v. City of Miami et ano.*, Case No. 07-44810 CA 08 (Fla. Cir. Ct. 11th Dist.);

   c.   *Sammy Brown et al. v. City of Miami and the Polish American Club of Miami, Inc.*, Case No. 08-80065 CA 15 (Fla. Cir. Ct. 11th Dist.);

   d.   *Theoandria Kendrick et al. v. The Polish American Club of Miami, Inc. and the City of Miami*, Case No. 09-44642 CA 13 (Fla. Cir. Ct. 11th Dist.).

8.     For the purposes of this complaint, the term "Graduation Party Shooting Claims" refers to the claims of the underlying claimants in the above lawsuits and other persons who may

be seeking compensation from Miami for breach of contract or negligence in connection with the high school graduation party shootings.

9.      Miami and State National entered into Public Entity Excess Liability Policy No. MDB 02669 12, with an effective period of October 1, 2006 to October 1, 2007.

10.     For the purposes of this complaint, the term "excess insurance contract" refers to the Public Entity Excess Liability Policy described above.

11.     Under the excess insurance contract, Miami is responsible for a self-insured retention ("SIR") in the amount of $500,000 per "occurrence." The excess insurance contract covers damages the insured is legally obligated to pay because of bodily injury caused by an "occurrence." "Occurrence" is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

12.     The excess insurance contract contains an exclusion providing that "bodily injury" that is expected or intended from the standpoint of the insured is not covered.

13.     State National has no responsibility to pay defense costs or indemnity costs with respect to an occurrence that is within the self-insured retention. State National's responsibility attaches excess of the SIR, if and when all terms and conditions of the excess insurance contracts have been satisfied. Even when coverage is properly triggered, State National's obligation is limited to reimbursement of defense costs upon satisfaction of all applicable SIRs; it is not obligated to provide the defense. State National has, and continues to, reserve all of its rights with respect to coverage for the Graduation Party Shooting Claims.

14.     To the extent there is coverage for the Graduation Party Shooting Claims, they comprise multiple occurrences, and Miami is therefore responsible for multiple SIRs. A dispute between Miami and State National with respect to the number of SIRs applicable to the

Graduation Party Shooting Claims is the subject of an action in this Court captioned *State National Insurance Company v. City of Miami*, No. 08-22861-CIV-Seitz/O'Sullivan.

15.     The Graduation Party Shooting Claims allege, among other things, that the Miami Police Department entered into a contract to dispatch off-duty police officers to provide security for a high school graduation party at the Polish-American Club on June 16, 2007.

16.     The discovery record in the Graduation Party Shooting Claims demonstrates a Miami police officer who agreed to provide security at the Polish American Club on June 16, 2007 made a conscious decision in advance of the party that he would intentionally not report to the location to provide security because he had concerns that the conditions would be unsafe.

17.     According to the complaints, Miami did not dispatch any officers to the event. Thereafter, in the absence of any of the requested police protection, at least one gunman invaded the party and shot six partygoers, killing two.  The lawsuits demand damages for breach of contract and negligence.

18.     The injuries alleged in the Graduation Party Shooting Claims did not arise out of an occurrence within the meaning of the excess insurance contract.

19.     The injuries alleged in the Graduation Party Shooting Claims were expected or intended from the standpoint of the insured under the excess insurance contract.

20.     One or more other exclusions in the excess insurance contract may preclude coverage.

21.     Under the excess insurance contract, Miami agreed to the duty to provide "an adequate defense and investigation" of the Graduation Party Shooting Claims.  Miami further agreed to the duty to cooperate with State National in connection with such defense.  Since the filing of the Graduation Party Shooting Claim complaints, Miami has defended itself.

22.     On October 9, 2009, Miami indicated that it intended to or was contemplating abandoning its defense of the Graduation Party Shooting Claims in violation of its duties under the excess insurance contract.  Miami further expressed the view that it could require State National to defend the claims by sending State National a partial, conditional check for $500,000, subject to later reimbursement of defense costs.  Miami has not delivered a check or otherwise delivered $500,000 to State National.

23.     In addition to abandoning the defense, Miami may also consent to a judgment against it in the Graduation Party Shooting Claims with the understanding that the underlying plaintiffs will attempt to collect that judgment against State National.

24.     An actual and justiciable dispute exists between Miami and State National as to: (a) whether the injuries alleged in the Graduation Party Shooting Claims constitute "occurrences" as defined in the policy; (b) whether such injuries are excluded from coverage as expected or intended from the standpoint of the insured, or on the basis of one or more other exclusions; (c) to the extent there is coverage, whether Miami may abandon its duty to provide an adequate defense; (d) to the extent there is coverage, whether Miami may transfer its defense obligation to State National or otherwise trigger coverage by a partial, conditional payment to State National; (e) whether Miami may agree with the underlying plaintiffs to a judgment that can bind State National to indemnify Miami; and (f) whether Miami has violated its duty to cooperate.

25.     There is no adequate remedy, other than that requested herein, by which the controversies described above may be resolved, and therefore, State National is entitled to a declaration of the rights and obligations of the respective parties pursuant to 28 U.S.C. § 2201 *et seq.*

## COUNT I

26.     State National repeats and incorporates herein the allegations contained in paragraphs 1 through 25 of this complaint.

27.     The injuries alleged in the Graduation Party Shooting Claims were not accidental and/or were expected or intended.

28.     State National is entitled to a declaratory judgment that coverage for the Graduation Party Shooting Claims is barred or limited to the extent that the underlying claims do not seek the recovery of damages caused by an "occurrence" within the meaning of the excess contracts or to the extent the underlying claims involve "bodily injury" that was "expected or intended..."

## COUNT II

29.     State National repeats and incorporates herein the allegations contained in paragraphs 1 through 25 of this complaint.

30.     To the extent there is coverage, the excess insurance contract requires Miami to provide an "adequate defense and investigation" of the Graduation Party Shooting Claims, which cannot be abandoned or transferred to State National by the payment of money to State National.

31.     State National is entitled to a declaratory judgment that neither coverage nor a duty to defend is triggered by a purported "tender" of money by Miami.

## COUNT III

32.     State National repeats and incorporates herein the allegations contained in paragraphs 1 through 25 of this complaint.

33.     To the extent there is coverage, and to the extent the excess insurance contract allows Miami to "tender" the amount of its SIR to trigger coverage, Miami's attempted, partial tender of one SIR was an insufficient tender to trigger coverage.

34.     State National is entitled to a declaratory judgment that Miami's attempted, partial tender of one SIR does not obligate State National to provide a defense or indemnify Miami.

## COUNT IV

35.     State National repeats and incorporates herein the allegations contained in paragraphs 1 through 25 of this complaint.

36.     Any attempt by Miami to consent or agree to a judgment against it in the Graduation Party Shooting Claims violates Miami's duties under the excess insurance contracts and is not binding on, or enforceable against, State National.

37.     State National is entitled to a declaratory judgment that it cannot be bound by a settlement agreement entered between Miami and the plaintiffs in the Graduation Party Shooting Cases.

WHEREFORE, Plaintiff, State National, requests that the Court order declaratory relief in favor of State National as requested herein and award such other further relief to State National as the Court deems just and proper.

Date:  October 28, 2009
       Miami, Florida

Respectfully submitted,

**HUNTON & WILLIAMS LLP**

Anna Lazarus
Florida Bar No. 41337
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Tel: (305) 810-2500
Fax: (305) 810-2460
Email: alazarus@hunton.com

Of counsel:

Walter J. Andrews
Hunton & Williams LLP
1751 Pinnacle Drive
McLean, VA 22102
Tel: (703) 714-7400
wandrews@hunton.com
*Motion for admission pro hac vice*
*forthcoming*

Robert J. Morrow
Hunton & Williams LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 309-1275
Fax: (212) 309-1100
rmorrow@hunton.com
*Motion for admission  pro hac vice*
*forthcoming*

***Attorneys for Plaintiff,***
***State National Insurance Company***

8

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

STATE NATIONAL INSURANCE COMPANY

**DEFENDANTS**

CIV - SEITZ CITY OF MIAMI   09-23273

**(b)** County of Residence of First Listed Plaintiff   Tarrant County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade County, FL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

MAGISTRATE JUDGE O'SULLIVAN

Anna Lazarus, Hunton & Williams LLP, 1111 Brickell Avenue Suite 2500, Miami, Florida 33131
(305) 810-6408

Attorneys (If Known)

FILED by ___ D.C.
INTAKE

OCT 2 8 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

09- CV-23273-Seitz/o'Sullivan

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - Product Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO        b) Related Cases ☑ YES ☐ NO

JUDGE Hon. Patricia Seitz          DOCKET NUMBER   08-CV-22861

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

28 U.S.C. Sec. 2201, et seq.  /  Declaratory Judgment - Insurance

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   October 28, 2009

FOR OFFICE USE ONLY

AMOUNT 350.00   RECEIPT # 1010940

10/28/09